UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────

MARK ORLANDO,

                              Plaintiff,

           v.                                    9:19-CV-1183
                                                 (MAD/CFH)


F.H.S.D. Dr. Vanda Johnson, et al.,

                              Defendants.
─────────────────────────────────

APPEARANCES:

MARK ORLANDO
Plaintiff, pro se
2004120110
Nassau County Correctional Facility
100 Carman Avenue
East Meadow, NY 11554

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

        Pro se plaintiff Mark Orlando ("plaintiff") commenced this civil rights action pursuant to

42 U.S.C. § 1983 ("Section 1983") on or about September 12, 2019, in the Eastern District of

New York ("EDNY"), with the filing of a complaint, Dkt. No. 1 ("Compl."), accompanied by an

application to proceed in the action in forma pauperis ("IFP"), Dkt. No. 2.  On September 24,

2019, EDNY United States District Judge Brian M. Cogan issued a Decision and Order

transferring the action to this District.  Dkt. No. 4.  Following its review of plaintiff's IFP

application and complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. §

1915A ("Section 1915A"), this Court issued a Decision and Order dated November 27, 2019, granting plaintiff's IFP application and dismissing plaintiff's complaint without prejudice.  Dkt. No. 10 ("November Order").

Currently pending before the Court is plaintiff's amended complaint.  Dkt. No. 11 ("Am. Compl.").

## II.      DISCUSSION

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the November Order and will not be restated in this Decision and Order.  *See* November Order at 3-4.

Plaintiff's amended complaint alleges that, while he was confined in Clinton C.F. between October 31, 2005 and July 27, 2016, defendant Clinton C.F. Facility Health Services Director Doctor Johnson was one of plaintiff's medical providers and supervised other medical providers at Clinton C.F.  Am. Compl. at 1.  Defendant Doctor Adams also served as one of plaintiff's medical providers during his confinement in Clinton C.F.  *Id.*  Defendant Adams prescribed plaintiff medicine and reviewed plaintiff's medical records.  *Id.*  Defendant Nurse Practitioner Calley also provided medical care to plaintiff between November 2013 and July 27, 2016.  *Id.*  At the time defendants treated plaintiff, each of them was aware of plaintiff's previous gastric bypass surgery.  *Id.* at 2.  In addition, each of the defendants was aware that gastric bypass patients should not be prescribed certain medications, including nonsteroidal anti-inflammatory drugs ("NSAIDs").  *Id.*  Between November 2013 and July 27, 2016, however, each of the defendants "either wrote or signed off in a supervisory rol[e] to prescriptions" of NSAIDs to plaintiff.  *Id.*  On July 27, 2016, plaintiff needed emergency

2

medical care due to complications (including a perforated ulcer, perforated bowel, and sepsis) with the NSAIDs. *Id.* Plaintiff "has been hospitalized from July 27, 2016 to the present day." *Id.*

Liberally construed, the amended complaint asserts Eighth Amendment deliberate medical indifference claims against defendants Johnson, Adams, and Calley arising from their medical treatment of plaintiff at Clinton C.F. between November 2013 and July 27, 2016. Am. Compl. at 2. Mindful of the obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will accept plaintiff's amended complaint for filing to the extent it asserts Eighth Amendment deliberate medical indifference claims against defendants Johnson, Adams, and Calley, and those defendants shall be required to respond. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[1]

To the extent that plaintiff's amended complaint also purports to assert medical malpractice claims against defendants Johnson, Adams, and Calley, *see* Am. Compl. at 2, those must be dismissed. The protections afforded by the Eighth Amendment do not extend to remedy harms that are inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. Therefore, an allegation that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S.

---

[1] The legal standard governing the applicable statute of limitations period for Section 1983 claims was discussed in the November Order and will not be restated in this Decision and Order. *See* November Order at 6-7. Mindful that the Court must liberally construe a pro se litigant's pleadings, the Court concludes, for the limited purpose of reviewing the amended complaint pursuant to Sections 1915 and 1915A, that, as they are currently pleaded in the amended complaint, plaintiff's Eighth Amendment claims do not appear to be barred by the applicable statute of limitations.

97, 106 (1976).  Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims").  Accordingly, plaintiff's medical malpractice claims asserted against the defendants are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

## III.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **ACCEPTED for filing** only to the extent that it asserts Eighth Amendment deliberate medical indifference claims against defendants Johnson, Adams, and Calley; and it is further

**ORDERED** that, except as to the foregoing, all claims asserted in the amended complaint are **DISMISSED without prejudice**; and it is further

**ORDERED** that the amended complaint is now the operative pleading in this action; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Johnson, Adams, and Calley; and it is further

**ORDERED** that the Clerk shall forward to the New York State Attorney General a copy of the summonses, the amended complaint, and this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendants Johnson, Adams, and Calley or their counsel as provided for in the Federal Rules of Civil

4

Procedure; and it is further

ORDERED that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

ORDERED that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: February 12, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5