UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK ORLANDO,

                              Plaintiff,

v.                                       No. 9:19-CV-1183
                                                 (MAD/CFH)

F.H.S.D. DR. VANDA JOHNSON, et al.,

                              Defendants.

---

**APPEARANCES:**                    **OF COUNSEL:**

Mark Orlando
2004120110
Nassau County Correctional Facility
100 Carman Avenue
East Meadow, NY 11554
Plaintiff pro se

Attorney General for the                NICHOLAS LUKE ZAPP, ESQ.
State of New York                       Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Mark Orlando, an individual who was, at all times relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined to the Clinton Correctional Facility ("Clinton C.F.")

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

brings this action pursuant to 42 U.S.C. § 1983 against several DOCCS employees[2] for their alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. See Dkt. No. 11 ("Am. Compl."). Presently pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.") on the ground that plaintiff's claims are barred by the applicable statute of limitations. See Dkt. No. 22. Plaintiff has responded in opposition to the motion, while defendants have not filed a reply. See Dkt. Nos. 24, 26. For the reasons that are set forth more fully below, it is recommended that defendants' motion be granted, but that plaintiff be given one final opportunity to amend his pleading.

### I. Background
#### A. Facts

The facts are related herein in the light most favorable to plaintiff as the non-moving party. See section II.A. infra. According to plaintiff, he previously underwent gastric bypass surgery, a procedure which rendered him unable to take nonsteroidal anti-inflammatory drugs ("NSAIDs"). See Am. Compl. at 2. Defendants—Dr. Vonda Johnson, Dr. Richard Adams, and Nurse Practitioner Catherine Bushey-Calley—were each aware of plaintiff's medical history, but nonetheless prescribed plaintiff NSAIDs

---

[2] According to the acknowledgments of service filed by defendants' counsel, the full name of defendant "F.H.S.D. Dr. Vanda Johnson" is "Vonda Johnson," the full name of defendant "Dr. Adams" is "Richard Adams," and the full name of defendant "Mrs. Calley" is "Catherine Bushey-Calley." See Dkt. Nos. 15-17. The Clerk is respectfully directed to amend the docket to reflect the correct full name of each defendant.

during his confinement at the Clinton C.F.  See id.  On July 27, 2016,[3] plaintiff was rushed to the hospital due to complications associated with taking NSAIDs, including a perforated ulcer, perforated bowel, and sepsis.  See id. at 2-3.

Plaintiff claims that he has been continually hospitalized since that date.  See id. at 3.  In his papers opposing defendants motion, plaintiff asserts that he was on "intensive care on life support from July 27, 2016 to September 18, 2016[.]"  Dkt No. 26 at 2

### B. Procedural History

On September 1, 2019, plaintiff commenced this action in the Eastern District of New York with the filing of a complaint, which was accompanied by an application to proceed in the action in forma pauperis ("IFP").  See Dkt. Nos. 1-2.  By Decision and Order dated September 24, 2019, District Judge Brian M. Cogan transferred the action to this Court, where the matter was administratively closed due to an incomplete IFP application.  See Dkt. Nos. 4-6.

Following submission of a completed IFP application, the matter was reopened on October 10, 2019.  See Dkt. No. 7-9.  By Decision and Order dated November 27, 2019, District Court Judge Mae A. D'Agostino granted plaintiff permission to proceed IFP, dismissed plaintiff's claim against DOCCS with prejudice, and dismissed plaintiff's medical indifference claims without prejudice.  See Dkt. No. 10.  In so holding, District Judge D'Agostino concluded that plaintiff had failed to plausibly allege any defendants'

---

[3] In his original complaint, plaintiff alleged that he was hospitalized on July 27, 2019, rather than July 27, 2016.  Compare Dkt. No. 1 with Am. Compl.  Plaintiff's opposition papers make apparent that the latter is the date of plaintiff's hospitalization.  See Dkt. No. 26 ("[P]laintiff became ill on July 27, 2016[.]")

3

personal involvement and that he failed to allege any facts that would suggest deliberate indifferent to his serious medical needs.  See id. at 8-11.

On December 23, 2019, plaintiff availed himself of the opportunity to amend. See Dkt. No. 11.  By Decision and Order dated February 20, 2020, Judge D'Agostino accepted plaintiff's amended pleading for filing only to the extent that it asserted Eighth Amendment deliberate medical indifference claims against defendants.  See Dkt. No. 13.  In lieu of an answer, defendants moved to dismiss the amended complaint, arguing that the action is time-barred by the applicable statute of limitations.  See Dkt. Nos. 22. Plaintiff opposed the motion, and Defendants did not filed a reply.  See Dkt. Nos. 24-26.

## II. Discussion[4]

Defendants argue that plaintiff's claims are time-barred and that the continuing violation doctrine does not apply.  See Dkt. No. 22-1 at 5-7.  Relying principally upon New York State's continuous treatment doctrine, plaintiff argues that his medical indifference claims did not accrue until his medical treatment concluded on June 21, 2019 when he was transferred out of DOCCS custody.  See Dkt. No. 26 at 2 (citing Devadas v. Niksarli, 120 A.D.3d 1000, 1000 (N.Y. App. Div. 2014)).  In addition, plaintiff also appears to invoke tolling principles because he asserts that he was "in intensive care on life support from July 27, 2016 to September 18, 2016."  Dkt. No. 26 at 2.

### A. Legal Standard for Motions Pursuant to Fed. R. Civ. P. 12(b)(6)

---

[4] All unpublished opinions cited herein have been provided to pro se plaintiff.

Under FED. R. CIV. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe [the] plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in [the] plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a pleading must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible") (internal quotation marks and citation omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to special solicitude, that a *pro se* litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by *pro se* litigants, and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).

## B. Statute of Limitations

As the statute of limitations is an affirmative defense, on a motion to dismiss, "the defendant has the burden of demonstrating, based on the allegations in the complaint, that the claim is untimely." Egan v. Kennedy, No. 04-CV-6626 (CJS), 2008 WL 4647740, at *3 (W.D.N.Y. Oct. 17, 2008). Although 42 U.S.C. § 1983 does not contain a statute of imitations provision, "42 U.S.C. §1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law." Owens v. Okure, 488 U.S. 235, 239 (1989). In New York, the applicable statute of limitations for a

6

section 1983 suit is three years, which is derived from the general or residual personal injury laws of the state. See N.Y. C.P.L.R. § 214(5); Owens, 488 U.S. at 249-50; Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (applying Owens in establishing a three-year statute of limitation for section 1983 claims). Therefore, plaintiff's Eighth Amendment deliberate indifference claims in this suit are subject to New York's three-year statute of limitations.

Federal law, however, governs the determination of the accrual date for purposes of a section 1983 claim. See Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). A claim accrues "when the plaintiff knows or has reason to know" of the harm. Id. (citations and internal quotation marks omitted). "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). With respect to a medical indifference claim, such a claim accrues when the constitutional violation allegedly occurs. See Cotto v. City of New York, No. 15-CV-9123 (RWS), 2017 WL 3476045, at *3 (S.D.N.Y. Aug. 11, 2017) (holding the plaintiffs' claims accrued on the date that the plaintiffs "allege their various federal constitutional violations . . . occurred[.]"). "Actual awareness of injury is irrelevant[.]" Spigner v. City of New York, Bronx Cty., No. 94-CV-8015 (MBM), 1995 WL 747813, at *2 (S.D.N.Y. Dec. 18, 1995), aff'd, 101 F.3d 1393 (2d Cir. 1996)

"The continuing violation doctrine is an 'exception to the normal knew-or-should-have-known accrual date.'" Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (quoting Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999)). "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both

the existence of an ongoing policy of [deliberate indifference to serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.'" Shomo, 579 F.3d at 181 (quoting Harris, 186 F.3d at 250). Under this doctrine, the limitations period does not begin to run until the last act taken in furtherance of that policy. See Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994). "'[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act.'" Warren v. Sawyer, No. 9:15-CV-0591 (GTS/DEP), 2016 WL 1558460, at *5 (N.D.N.Y. Apr. 15, 2016), aff'd, 691 F. App'x 52 (2d Cir. 2017) (summary order) (quoting Harris, 186 F.3d at 250).

### 1. Application

Plaintiff commenced this action on September 1, 2019.[5] See Dkt. No. 1 at 7. In order to be considered timely, plaintiff's Eighth Amendment claims must have accrued within the three years preceding September 1, 2019—or no earlier than September 1, 2016. See Owens, 488 U.S. at 249-50. The medical indifference claimc accrued—and the limitation period began to run—"when the plaintiff knows or has reason to know" of the harm. Pearl, 296 F.3d at 80. This means that plaintiff's claim accrued no later than July 27, 2016—which is the date that he was hospitalized for complications associated with having been prescribed NSAIDs. The fact that plaintiff did not know the true extent of his injuries until some later date does not provide a basis to delay accrual of the

---

[5] Under the "prison mailbox rule," the date of filing is generally presumed to be the date that an inmate delivers his or her complaint to a prison guard for mailing. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). "In the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (collecting cases). Here, the original complaint was signed on September 1, 2019 and received by the Court on September 12, 2019. See Dkt. No. 1. Accordingly, the undersigned concludes that the action was commenced on September 1, 2019. See id.

8

limitations period. See Santos v. Deborah Geer, P.A., No. 9:20-CV-0421 (LEK/DJS), 2020 WL 5525177, at *3 (N.D.N.Y. Sept. 15, 2020). As a result, even when the amended complaint is construed liberally, all factual allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor, Selevan, 584 F.3d at 88, plaintiff's deliberate indifference claim is untimely because it was not filed within the three-year statute of limitations period.

Moreover, there is nothing in the complaint that would plausibly suggest that the continuing violation doctrine applies to plaintiff's Eighth Amendment claims. See Am. Compl. According to plaintiff, the allegedly unconstitutional conduct occurred during the period that he was confined to the Clinton C.F. from October 31, 2005 through July 27, 2016. See Am. Compl. Plaintiff has not alleged the existence of an ongoing policy of deliberate indifference to inmate's serious medical needs. See Shomo, 579 F.3d at 181. Even if plaintiff had set forth factual allegations regarding such a policy, he has likewise failed to plausibly allege that defendants committed acts in furtherance of that policy within the three-year statutory period. See id. Instead, plaintiff alleges that although DOCCS personnel continued to treat him following his hospitalization, defendants treatment ceased at the time he was transferred to the hospital on July 27, 2016. See Am. Compl.

Plaintiff's reliance on the continuous treatment doctrine—a state doctrine that is separate and distinct from the federal continuing violation doctrine—is misplaced. See Dkt. No. 26 at 2 (citing Devadas, 120 A.D.3d at 1000); see also Cole v. Miraflor, No. 99-CV-0977 (RWS), 2001 WL 138765, at *5 (S.D.N.Y. Feb. 19, 2001) (concluding that the continuous treatment doctrine did not apply to Eighth Amendment claims). The

9

continuous treatment doctrine is not borrowed from the law governing personal injury actions; rather, it is borrowed from the law that governs professional malpractice claims. See, e.g., West v. City of N. Y., No. 88-CV-1801 (CSH), 1992 WL 249966, at *5 (S.D.N.Y. Sept. 22, 1992) ("The continuous treatment doctrine has been applied by New York courts in the context of professional malpractice."). Accordingly, because section 1983 is governed by the personal injury statute of limitations, Owens, 488 U.S. at 249-50, the rational underpinnings of the continuous treatment doctrine do not apply to plaintiff's federal constitutional claims. See N.Y. C.P.L.R. § 214-a, Practice Commentary C214-a:3 ("The toll finds its justification in the dilemma faced by the patient who has placed trust and confidence in a particular physician to continue treating her condition but fears that if she must commence a lawsuit in order to ensure the timeliness of a potential lawsuit while treatment is still ongoing the doctor-patient relationship will come to a precipitous end."). Of course, it is well-settled that allegations of medical malpractice do not state a claim under section 1983. See Jones v. Vives, 523 F. App'x 48, 50 (2d Cir. 2013) ( summary order) ("[The] allegations, at most, amount to medical malpractice, and such allegations are not sufficient to state a [section] 1983 claim under the Eighth Amendment."). Accordingly, the undersigned concludes that plaintiff's claims that defendants were deliberately indifferent to his serious medical needs are time-barred and that neither the continuing violation doctrine nor the continuous treatment doctrine applies.

### C. Statutory and Equitable Tolling

10

This does not end the Court's analysis. Plaintiff appears to invoke principles of statutory or equitable tolling inasmuch as he asserts that he was "in intensive care on life support from July 27, 2016 to September 18, 2016." Dkt. No. 26 at 2; see Rodriguez v. McGinnis, 1 F. Supp. 2d 244, 246-47 (S.D.N.Y.1998) ("Although material outside a complaint generally is not to be taken into consideration on a motion to dismiss, the policy reasons favoring liberal construction of pro se complaints permit a court to consider allegations of a pro se plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint."). This particular issue was not addressed in defendants' motion papers and defendants did not file a reply. See Dkt. No. 22.

### 1. Equitable Tolling

The Second Circuit has applied "equitable tolling" in section 1983 cases "in 'rare and exceptional circumstances,' where [the Court] found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)). The Second Circuit has cautioned, however, that "[a]s a general matter, we set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (stating the equitable tolling doctrine is "to be applied sparingly"). The plaintiff bears the burden of establishing equitable tolling. See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

In this case, there is nothing in the amended complaint that would plausibly suggest that this case is one of the "rare and exceptional" matters where the invocation of equitable tolling is warranted. Doe, 391 F.3d at 159. In addition, the amended complaint does not suggest that plaintiff acted with "reasonable diligence" in bringing this action. Id. Simply put, the undersigned is unable to discern any basis to invoke equitable tolling in order to salvage what are otherwise patently untimely medical indifference claims against defendants. See Baker v. Bank of Am., N.A., 706 F. App'x 43, 44 (2d Cir. 2017) (summary order).

### 2. Statutory Tolling

Although federal law determines the accrual of a cause of action arising under section 1983, tolling principles are generally informed by state law. See Pearl, 296 F.3d at 80 (quoting Hardin v. Straub, 490 U.S. 536, 539 (1989)). N.Y. C.P.L.R. § 208 provides for the tolling of a statute of limitations "[i]f a person entitled to commence an action is under a disability because of . . . insanity at the time the cause of action accrues." Once the defendant demonstrates that the claim facially falls outside the statute of limitations period, the plaintiff bears the burden of proof to show that § 208 is applicable and tolling is appropriate. . See Dumas v. Agency for Child Development-New York City Head Start, 569 F. Supp. 831, 833-34 (S.D.N.Y.1983) (citing Graboi v. Kibel, 432 F. Supp. 572, 580 (S.D.N.Y. 1977).

The tolling provision set forth in N.Y. C.P.L.R § 208 must be construed narrowly and is only available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of Am.,

55 N.Y.2d 543 548-49 (1982). Physical ailments do not suffice to invoke the New York tolling provisions. See Baker, 706 F. App'x at 44; Baroor v. New York City Dep't of Educ., 362 F. App'x 157, 159-60 (2d Cir. 2010). In addition, a mere difficulty in functioning is not sufficient to establish the toll; "rather, the plaintiff must be totally unable to function as a result of a 'severe and incapacitating' disability." Swartz v. Berkshire Life Ins. Co., No. 99-CV-9462 (JGK), 2000 WL 1448627, at *5 (S.D.N.Y. Sept.28, 2000) (quoting Dumas v. The Agency for Child Dev.-New York City Head Start, 569 F. Supp. 831, 833 (S.D.N.Y.1983)). The disability must also have been continuous during the relevant time period because any significant duration of lucidity stops the toll. See Washington v. Doe, No. 08-CV-4399 (NGG/RML), 2011 WL 679919, at *2 (E.D.N.Y. Feb. 16, 2011); von Bulow by Auersperg v. von Bulow, 634 F. Supp. 1284, 1300 (S.D.N.Y.1986) (finding that plaintiff's nine-month interval of lucidity barred the application of N.Y. C.P.L.R. § 208).

Often times, the application of statutory tolling is a fact-intensive question that should not be decided without an evidentiary hearing. See Mandarino v. Mandarino, 180 F. App'x 258, 261 (2d Cir. 2006) (summary order). In the proper case, however, a court may "determine that the . . . toll is unavailable as a matter of law." Thomas v. Harris, No. 10-CV-4025 (PAE), 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016). As a result, when facing a properly brought motion to dismiss on statute of limitation grounds, a plaintiff must show how the condition affects his capacity to function in society generally or prevented plaintiff's pursuit of his legal rights. See Webster v. Potter, 746 F. Supp. 2d 635, 641 (S.D.N.Y. 2010).

For the first time in opposition to defendants' motion, plaintiff alleges:

> "It is the plaintiff's contention that once the plaintiff was
> hospitalized on July 27, 2016, received emergency surgery,
> which left the plaintiff in intensive care on life support from
> July 27, 2016 to September 18, 2016, the plaintiff was not
> and could not have had the pre-requisite knowledge to be
> aware of the cause of his injuries as the defendant[s'] claim."

Dkt. No. 26 at 2. Plaintiff does not set forth any additional facts, either in his amended complaint or his opposition papers, that plausibly suggests that his condition during that time period was such that he was "totally unable to function as a result of a severe and incapacitating disability," Swartz, 2000 WL 1448627, at 5, or that during the time he was allegedly on life support, he suffered from an over-all inability to function in society, see McCarthy v. 55 N.Y.2d at 548. As a result, on the bare facts presented by plaintiff,[6] the undersigned is unable to conclude that statutory tolling can salvage his untimely medical indifference claims. See Baker, 706 F. App'x at 44. To conclude otherwise would require the Court to speculate regarding plaintiff's cognitive functioning during the time period that he claims to have been on life support. See Dkt No. 26 at 2. Indeed, although plaintiff alludes to awareness, this appears to be a reference to an "aware[ness] that he is suffering from a wrong" as described in section II.B, supra, rather than plaintiff's mental functioning for purposes of invoking N.Y. C.P.L.R. § 208.

The Court has already given plaintiff one opportunity to amend his pleading. See Dkt. No. 10. In availing himself of that opportunity, the timeframe for the allegedly unconstitutional conduct changed from July 2019 to July 2016. Compare Dkt. No. 1

---

[6] The undersigned notes that plaintiff's first pleading provides some additional context for what allegedly transpired between July 27, 2016 and September 18, 2016 inasmuch as he states that he was rushed to the hospital and then immediately transferred to another hospital for emergency surgery. See Dkt. No. 1 at 4. Following surgery, plaintiff was placed on a ventilator until he underwent an additional surgery on August 3, 2016. See id. Plaintiff remained in intensive care following the second surgery and, at one point, he was placed on end of life care. See id. It remains unclear, even with these additional details, whether plaintiff suffered from an over-all inability to function in society. See McCarthy, 55 N.Y.2d at 548.

14

with Am. Compl. Even so, the Court signaled to plaintiff that the statute of limitations could prove to be an obstacle for his claims, see Dkt. No. 10 at 6-7, Dkt. No. 13 at 3 n.1, plaintiff did not attempt to invoke the statutory tolling doctrine until he opposed defendants' motion to dismiss, see Dkt. No. 26 at 2. In an overabundance of caution and based on the circumstances of this case—particularly in light of the fact that statutory tolling is a fact-intensive inquiry—the undersigned recommends that pro se plaintiff be given one final opportunity to amend his complaint with the benefit of the analysis provided by this Report-Recommendation and Order. In making this recommendation, the Court reminds plaintiff that a difficulty in functioning will not be sufficient to save his untimely claims and that he will ultimately bear the burden of demonstrating a continuous "'severe and incapacitating' disability" during the relevant time period. Washington, 2011 WL 679919, at *2

Plaintiff is further reminded that if Judge D'Agostino permits him to file a second amended complaint, the new pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. See Fed. R. Civ. P. 8(a). In addition, any second amended pleading will replace the prior pleadings in the action, and it thus will "render[ any prior complaint] of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp., 434 U.S. 1014 (1978); see also Shields v. City-Trust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). As a result, any amended pleading must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.

15

### III.  Conclusion

**WHEREFORE**, based upon the reasons outlined herein, it is hereby:

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 22) be **GRANTED** in its entirety; and it is further

**RECOMMENDED,** that plaintiff's amended complaint (Dkt. No. 11) be **DISMISSED without prejudice** and **with leave to replead**; and it is further

**RECOMMENDED**, that if the District Judge permits plaintiff to amend the complaint, any amended complaint must be filed within thirty (30) days of the District Judge's order adopting this Report-Recommendation and Order, and that should plaintiff file such amended complaint, the Clerk of the Court return this case to the Magistrate Judge for further review; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to amend the docket to reflect the full name of each defendant as set forth in footnote two of this Report-Recommendation and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v.

Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[7]

    Dated: October 1, 2020
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).