UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK ORLANDO,

                              **Plaintiff,**

  vs.                                                                  9:19-CV-1183
                                                                                (MAD/CFH)

F.H.S.D. DR. VANDA JOHNSON; DR. ADAMS;
and MRS. CALLEY, *Nurse Practitioner*,

                              **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**MARK ORLANDO**
**2004120110**
Nassau County Correctional Facility
100 Carman Avenue
East Meadow, New York 11554
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **NICHOLAS LUKE ZAPP, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, who was at all relevant times an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined at Clinton Correctional Facility ("Clinton C.F."), commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See* Dkt. No. 1. Upon initial review, the Court dismissed Plaintiff's allegations against DOCCS with prejudice and dismissed Plaintiff's

claims against Defendants Johnson, Adams, and Calley without prejudice based on Plaintiff's failure to state a claim.  *See* Dkt. No. 10.

On December 23, 2019, Plaintiff filed an amended complaint, which the Court accepted for filing only insofar as it stated Eighth Amendment deliberate indifference claims against Defendants Johnson, Adams, and Calley.  *See* Dkt. Nos. 11 & 13.  According to the amended complaint, Plaintiff previously underwent a gastric bypass surgery, which rendered him unable to take nonsteroidal anti-inflammatory drugs ("NSAIDs").  *See* Dkt. No. 11 at 2.  Plaintiff claims that Defendants Johnson, Adams, and Calley were each aware of Plaintiff's medical history, yet nonetheless prescribed him NSAIDs during his confinement at Clinton C.F.  *See id.*  On July 27, 2016, Plaintiff was sent to the hospital due to complications associated with taking NSAIDs, including a perforated ulcer, perforated bowel, and sepsis.  *See id.*  Plaintiff claims that he has been hospitalized continuously since July 27, 2016.  *See id.*

On July 8, 2020, Defendants moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 22.  In their motion, Defendants contend that Plaintiff's Eighth Amendment deliberate indifference claims are barred by the three-year statute of limitations.  *See* Dkt. No. 22-1.  Specifically, Defendants contend that Plaintiff's claims against them accrued no later than July 27, 2016, when he was taken to the hospital.  *See id.* at 5-6.  Since Plaintiff's original complaint was filed on September 12, 2019, Defendants argue that this action is untimely.  *See id.*  In his response to Defendants' motion, Plaintiff appears to allege that because he was in DOCCS custody through June 21, 2019, he was continually under its care and, therefore, the statute of limitations should be tolled.  *See* Dkt. No. 24 at 2-3.[1]

---

[1] In his response, which was prepared with the assistance of counsel, Plaintiff makes clear that he was not hospitalized continuously since July 27, 2016, as he claims in his amended

(continued...)

2

In a Report-Recommendation and Order dated October 5, 2020, Magistrate Judge Hummel recommended that the Court grant Defendants' motion to dismiss. *See* Dkt. No. 27. Specifically, Magistrate Judge Hummel found that Plaintiff commenced this action on September 1, 2019 and that his claim accrued no later than July 27, 2016 – which is the date that he was hospitalized for complications associated with having been prescribed NSAIDs. *See id.* at 7-8. Moreover, Magistrate Judge Hummel noted the fact that Plaintiff did not know the true extent of his injuries until some later date does not provide a basis to delay accrual of the limitations period. *See id.* at 8-9 (citing *Santos v. Deborah Greer*, No. 9:20-cv-421, 2020 WL 5525177, *3 (N.D.N.Y. Sept. 15, 2020)). As such, even liberally construed, Magistrate Judge Hummel found that Plaintiff's claim is untimely. *See id.* at 9. Additionally, the Report-Recommendation and Order found that nothing in the amended complaint plausibly suggests that the continuing violation doctrine applies to Plaintiff's Eighth Amendment claim since Plaintiff failed to allege the existence of an ongoing policy of deliberate indifference to inmate's serious medical needs or that Defendants committed any acts in furtherance of that policy within the three-year statutory period. *See id.* Magistrate Judge Hummel also held that, to the extent that Plaintiff is attempting to rely on the continuous treatment doctrine, his reliance is misplaced since it does not apply to Eighth Amendment deliberate indifference claims. *See id.* at 9-10 (citing cases). Finally, Magistrate Judge Hummel found that, to the extent that Plaintiff seeks to invoke statutory or equitable tolling, there is nothing in the amended complaint that would plausibly suggest that this case is one of the "rare and exceptional" matters where the invocation of equitable tolling is warranted. *See id.* at 11-15.

---

[1](...continued)
complaint. Rather, Plaintiff appears to have been released from the hospital no later than September 2016 and returned to DOCCS' custody at Coxsackie C.F., where he continued to receive medical treatment. *See* Dkt. No. 24 at 3.

However, due to the fact that the statutory tolling inquiry is fact intensive, Magistrate Judge Hummel recommended that the Court permit Plaintiff one final opportunity to amend his complaint. *See id.* at 15. Neither party objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.*

4

*Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id*. at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting [*Twombly*, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*. at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed October 5, 2020 Report-Recommendation and Order, the

parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should grant Defendants' motion to dismiss. The amended complaint and Plaintiff's response make clear that his deliberate indifference claims accrued on July 27, 2016, when Plaintiff was sent to the hospital for treatment. Plaintiff's complaint was dated September 1, 2019 and, pursuant to the prison mailbox rule, presumed filed on that day. *See* Dkt. No. 1. As such, absent tolling or the finding of a continuing violation, Plaintiff's claims are untimely. As Magistrate Judge Hummel correctly determined, nothing in Plaintiff's amended complaint would permit the Court to find that the continuing violation doctrine applies because Plaintiff failed to allege the existence of an ongoing policy of deliberate indifference or that Defendants committed acts in furtherance of that policy within the three-year statutory period. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

Moreover, nothing in the amended complaint plausibly suggests that statutory or equitable tolling should apply. Equitable tolling in Section 1983 cases is limited to where "'rare and exceptional circumstances'" prevented the plaintiff from timely performing a required act and the party acted with diligence throughout the period he seeks to toll. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quotation omitted). Plaintiff's amended complaint fails to present any facts that would meet this high bar. Additionally, statutory tolling under N.Y. C.P.L.R. § 208 provides for tolling of the statute of limitations "[i]f a person entitled to commence an action is under a disability because of ... insanity at the time the cause of action accrues." This provision is construed narrowly and physical ailments are insufficient to warrant its application. *See Baroor v. N.Y.C. Dep't of Educ.*, 362 Fed. Appx. 157, 159-60 (2d Cir. 2010). On the bare facts presented in the amended complaint and response, Plaintiff has failed to plausibly allege that he is entitled to statutory tolling.

Based on the foregoing, the Court grants Defendants' motion to dismiss. In light of his *pro se* status, however, the Court will permit Plaintiff one final opportunity to amend his complaint.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 5, 2020 Report-Recommendation and Order (Dkt. No. 27) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 11) is **DISMISSED without prejudice** and **with leave to replead**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the date of this Order and, should Plaintiff file an amended complaint, the Clerk of the Court shall return this case to Magistrate Judge Hummel for review; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 17, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge