UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK.
- - - - - - - - - - - - x

MARK ORLANDO

                Petitioner,

  - against -                      AMENDED COMPLAINT

                                     Case No: 9:19-CV-1183

F.H.S.D. DR. Vonda Johnson, et Al       (MAD/CFH)

                Defendants,

- - - - - - - - - - - - x

    The undersigned Petitioner respectfully states that:

1) This Amended Complaint to the respondents previous filing, as a pro/se Litigant. It is in the plaintiffs hopes that this Court will accept this Amended Complaint in the most favorable Light to this Pro/se Litigant.

2) The Plaintiff requests that the Court take into consideration that the Plaintiff still has no actual physical Acess to any type of law Library. The plaintiff is still unable to acess or understand,

    a) Fed. Rule of Civil Procedure 8(a)(2)
    b) Fed. Rule of Civil Procedure 12(6)(b)
    c) N.D.N.Y. Local Rule 15.1
    d) Fed. R. Civ. P. 8. + 15
    e) Statement of Jurisdiction.

3) The Plaintiff claims that from December 2013 to July 27, 2016 the Defendant's knowingly prescribed a mixture of N.S.A.I.D.'s (Non-Steroidal Anti-Inflammatory Drugs) to the plaintiff. Each Defendant had prior knowledge and conversations with the plaintiff throughout his duration housed at Clinton Correctional Facility. These conversations included but were not limited to the fact that the plaintiff was a previous Gastric Bypass Patient.

4) F.H.S.D DR. Vonda Johnson, DR. Richard Adams and Nurse Practitioner Catherine Bushey-Calley each prescribed individually and at different times 1200 mg's per day of assorted N.S.A.I.D'S (Ibuprofen, Motrin and Naproxen) from December 2013 to July 27, 2016. All said prescriptions are all on file.

5) During the Span from December 2013 to July 27, 2016. The Plaintiff had conversations with each Defendant during scheduled Sick-Calls. The conversations were to discuss the plaintiffs daily pains, weight gain, need for procedures and to discuss the change in pain prescriptions.

6) During these sick calls with N.P. Bushey-Cally there were multiple conversations where N.P. Calley had multiple questions in regards to the plaintiffs previous gastric Bypass Surgery. N.P. Calley explained to the plaintiff the she in fact, was considering the same Weight Loss procedure. In fact had looked into the pro's + con's of this procedure for her self.

7) The plaintiff contends that all three defendants being medically trained and educated. All having the ability to do their due diligence into Any/All side effects of All medications prescribed to the plaintiff. This egregious failure by all three defendant's ultimately caused:

    A) An upper perforated Duodinal ulcer
    b) A post-terrior perforation
    c) A perforation off the bowel.
    d) Hemmorragic pancriatitus
    e) Liver failure
    f) Kidney failure
    g) Sepsis
    H) Put on Life support (ventilator 3x)
    I) trachiotomy
    J) three open fistula's

which led to the plaintiff being continuously hospitilized from July 27, 2016 to current July of 2021.

8) Contrary to the Defendant's claim in the December 29, 2020 reply brief, the plaintiff has in fact been continuously hospitilized.

    A) Albany medical center     July 2016 to October 2016
    b) Coxsackie R.M.U.     October 2016 to June 2019
    c) Nassau County Facility Rmu     June 2019 to June 2021
    d) Downstate Corr Facility     June 2019 to July 2021
    e) Fishkill Corr Facility     July 2021 to Current.

The plaintiff argues that as a state inmate, he has no authority or choice to be treated by the defendants post injury (July 27, 2016). As a ward of the N.Y.S.D.O.C.C.S. this decision of where the plaintiff is treated or transferred belongs solely to the N.Y.S.D.O.C.C.S. department of Movement and Control based out of Harriman campus Albany, Not the plaintiffs.

9) The plaintiff disagrees with the respondent's interpretation of the continuous treatment doctrine. When the plaintiff was admitted to Albany Medical Center on July 27, 2016 to have emergency surgery. The plaintiff post-surgery was left on Life Support (Ventilator). July 2016 to September 2016. At this time the plaintiff was mentally incompetent to make any/all including but not limited to medical decisions. Therefore, Albany medical center required the plaintiffs Health proxy Rita Goodman (sister) not only sign to give the plaintiff a trachiotomy due to no longer being able to sustain a ventilator. In addition Rita Goodman after a consultation with the plaintiffs primary Doctor Sharon Samuels. Was asked to sign a D.N.R order (Do Not Resusitate) this decision needed to be made and since the plaintiff was physically and mentally incapable due to being actively on life support. And receiving comfort care in the form of a morphine + Fentanyl Drip to allow the plaintiff to pass away in peace and out of pain. The plaintiff received around the clock care for a total of 59 days in intensive care. This time alone should afford the plaintiff the ability to continue on. And not be time barred. If this is not sufficient in the eyes of the Attorney

general's office or this court. Please take into account that the plaintiff was Isolated from september 24 2016 At Albany medical center to october 19 2016 when the plaintiff was transferred to Coxsackie Corr. Facility Regional medical unit. on october 19, 2016 where again the plaintiff was Isolated with a contagious upper respitory infection (klebsella). This Isolation lasted for over an additional 180 days. where again Rita Goodman was the plaintiff's decision maker. The plaintiff's requests that this court allow the Pro/se Litigant the widest margain in the arguement of being time barred. Due to the Plaintiff being IN I.C.U. on a venticater, then Isolated with klebsella, bed ridden, unable to walk, unable to access Law Library. This must constitute the continuous treatment doctrine which shows the plaintiffs time could Not have started on the actual date of the instant injury (July 27 2016)

10) the plaintiff contends this extensive time period of over 230 days were the plaintiff was physically and mentally incapacitated due to the injuries caused by these defendant's should clearly establish the required time extension Needed to cover the 1 month 16 days the respondent claims the plaintiff was time barred by.

11) The plaintiff argues that the cases supplied by the respondent's are all civilian plaintiffs these plaintiffs have the open choice to go back to the original doctor or seek a second opinion. IN this case the plaintiff can Not enjoy the priviledge of choice due to being incarcerated. IN this case the plaintiff could Not go back to Clinton Correctional facility to F.H.S.D Doctor Vonda Johnson, Doctor Richard Adams or Nurse Practitioner Catherine Bushey-Calley even if he infact wanted to. This option is simply Not plausible.

12) It is the plaintiff's contention that due to the defendants actions, the plaintiff would not have received the life-threatening Injuries. IN addition the plaintiff would not have been continuously Hospitilized for almost five years. Nor would have the plaintiff suffered multiple past surgical emergency procedures. received an undescribable amout of daily pain + suffering. The Plaintiffs injuries to date have not been resolved and/or finalized. The plaintiff is still currently receiving around the clock medical care for the original injuries suffered from the defendants actions.

13) The plaintiff is currently in need of multiple additional surgical procedures.
  A) Bowel reduction
  B) fistula ectomy
  C) Hernia repair

IN addition to these procedures the plaintiff will need an unkown amount of additional medical care for the rest of his life. Due to the obvious actions of these defendant's the plaintiff therefore, request compensation in the amount of $15,000,000.00 (fifeteen million dollars) to cover all future medical surgical procedures needed. IN addition the plaintiff seeks this monatery compensation for all past, present and future pain and suffering.

14) IN conclussion, for the reasons stated above the the respondents request for the plaintiffs claim to be dismissed as untimely under the applicable statue of limitations should be denied.

Respectfully,

Mark O'Lacke